UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER CONNORS, ) | |
| ) | Case No. 1:08-CV-172 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CBL & ASSOCIATES MANAGEMENT, ) | |
| INC., ERMC II, LP, and OFFICER ) | |
| RANDY RAULSTON and OFFICER TERRY ) | |
| TOPPING, individually and in their official ) | |
| capacities as officers of the Chattanooga ) | |
| Police Department, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion for summary judgment filed by Defendants Randy Raulston ("Raulston") and Terry Topping ("Topping") in their official capacities (Court File No. 31). The remaining defendants, including Raulston and Topping in their individual capacities, also filed a motion for summary judgment (Court File No. 42). Plaintiff Christopher Connors ("Plaintiff") requested additional time to respond to the summary judgment motions (Court File No. 44), which was granted (Court File No. 45), and responded only to the first motion for summary judgment (Court File No. 50). Defendants Raulston and Topping in their official capacities replied (Court File No. 51). For the reasons discussed below, the Court will **GRANT** summary judgment and will **DISMISS** the claims against Defendants Raulston and Topping in their official capacities. In addition, the Court will **DISMISS** Plaintiff's 42 U.S.C. § 1981 claims against all defendants. The Court, however, will **DENY** summary judgment on the claims against Defendants Raulston and Topping in their individual capacities and the claims against CBL & Associates Management, Inc. ("CBL"), and ERMC II, LP ("ERMC").

## I. RELEVANT FACTS

This case arises from a trip to Hamilton Place Mall, which is owned and operated by Defendant CBL. CBL uses Defendant ERMC to provide mall security. ERMC employs off-duty Chattanooga police officers, including Defendants Raulston and Topping, who work in their uniforms. On Saturday, June 23, 2007, Plaintiff and his two cousins went to the mall and were stopped by mall security guards for possibly violating the mall's policy prohibiting unaccompanied minors from being in the mall on Friday and Saturday evenings. According to Plaintiff, Raulston threatened to arrest him for "walking away from a [p]oliceman" and roughly grabbed him and pushed him against a glass window (Court File No. 1, Ex. 1, p. 3). Raulston then handcuffed Plaintiff for "disorderly conduct" (*id.*), at which point Topping joined them. Plaintiff asserts Raulston and Topping taunted him and told him they would take him downtown to jail (*id.* at pp. 3-4). When Plaintiff's cousins' father arrived, the head of security took Plaintiff's picture and told him he could not return to the mall for two months (*id.* at p. 4). He was then released (*id.*).

Plaintiff's complaint alleges state law claims of false arrest and false imprisonment, as well as violations of 42 U.S.C. §§ 1981 and 1983.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

### III.    DISCUSSION

Defendants Raulston and Topping move for summary judgment in their official capacity. Official-capacity suits are treated as suits against the governmental entity. *Fox v. Van Oosterum*, 176 F.3d 342, 347 (6th Cir. 1999); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State."). A suit against an official in his official capacity is construed as a suit against the governmental entity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, the claims against Defendants

3

Raulston and Topping in their official capacities are construed as claims against the City of Chattanooga ("City").

The City asserts summary judgment is appropriate on the 42 U.S.C. §§ 1981 and 1983 claims because the theory of respondeat superior does not apply and the record does not establish a causal connection between the alleged constitutional violation and the City. Alternatively, the City argues Plaintiff failed to state a claim under § 1981. In addition, the City maintains summary judgment should be granted on claims for punitive damages under § 1983. Regarding the state law claims, the City contends the state law claims of false arrest and false imprisonment are barred under the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-205. Each of the issues raised by the City provides a possible basis for summary judgment.

The remaining defendants simply argue the Court should grant summary judgment on all claims against them if the Court grants summary judgment for the claims against the City (Court File No. 42). As discussed below, while individual action is necessary for municipal liability, municipal liability is irrelevant to individual liability. Although the City raised the issue of whether Defendants Raulston and Topping in their individual capacities could be liable for negligence, Defendants Raulston, Topping, CBL, and ERMC assert no additional grounds for summary judgment. Since these defendants explicitly rely on the City's arguments for summary judgment, the Court analyzes only the dispositive issues raised in the City's motion for summary judgment as to each defendant.

### A. Civil Rights Violation Under 42 U.S.C. § 1983

The City contends summary judgment should be granted on the § 1983 claims against it because (1) the theory of respondeat superior does not apply to governmental entities under § 1983

4

and (2) the record does not support a finding of proximate cause linking the City to the alleged constitutional violations. The City also asserts punitive damages cannot be assessed against it under § 1983. Plaintiff argues Raulston and Topping were trained by the City and were acting under the color of state law.[1]

> Section 1983 allows a person to sue to vindicate the deprivation of constitutional rights.
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To establish liability under § 1983, Plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Where a plaintiff does not adequately set forth the substantive constitutional violations, § 1983 is not invoked. *Barrett v. Steubenville City Schs.*, 388 F.3d 967, 971 (6th Cir. 2004) (section 1983 invoked where the plaintiff clarified possible confusion about the alleged violations in his response to the defendant's motion for summary judgment); *see also Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) (summary judgment affirmed where "from the language of the complaint, one cannot ascertain which substantive constitutional rights were allegedly violated. Nor was this clarified in the response to the defendant' motion for summary judgment.").

---

[1]The City's reply clarifies its lack of opposition to the assertion Raulston and Topping were trained and employed by the City as commissioned officers and they were acting under the color of state law at the relevant time (Court File No. 51).

A municipality cannot be held liable under respondeat superior or vicarious liability. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 394-95 (1978). In order for the City to be liable under § 1983, Plaintiff must establish (1) agents of the City, while acting under the color of state law, (2) violated Plaintiff's constitutional rights, and (3) a City policy or policy of inaction was the moving force behind the violation. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). The City can be liable under § 1983 if it has an unconstitutional policy or if its failure to adequately train its employees amounts to "deliberate indifference." *City of Canton*, 489 U.S. at 389.

The record contains no evidence the City had a policy, custom, or practice of allowing excessive force or unlawful arrests. Plaintiff points to no evidence the training of Raulston and Topping was inadequate. In addition, the record contains no evidence the City failed to adequately supervise Raulston and Topping. In contrast, the City points to evidence it has proper policies and customs (Court File No. 31, Exs. 1, 2, 3, 4, 5, 6). Plaintiff made no complaint to the City regarding Raulston and Topping's conduct and there were no relevant prior Internal Affairs Investigations against Raulston or Topping (Court File No. 31, Ex. 2). Since Plaintiff cannot support any constitutional violation by the City, summary judgment is appropriate on his § 1983 claim against the City.[2]

The arguments raised by the City in its motion for summary judgment on the § 1983 claims

---

[2]The City also seeks summary judgment on Plaintiff's claim for punitive damages under § 1983. The City correctly argues Plaintiff is not entitled to punitive damages in a § 1983 action against a municipality. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981); *Estate of Callahan v. Detroit*, 863 F.2d 47 (6th Cir. 1988). This point is moot since the § 1983 claim against the City will be dismissed.

have no effect on the liability of Defendants Raulston and Topping in their individual capacities, CBL, or ERMC. As discussed above, a claim under § 1983 requires "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). While a municipality can be held liable under § 1983 where it proximately causes a § 1983 violation, since the existence of municipal liability is not an element of individual liability, the dismissal of § 1983 claims against the City has no bearing on the liability of the remaining defendants. Therefore, the remaining defendants have not raised an issue upon which summary judgment can lie and the § 1983 claims against them will not be dismissed.

### B. Violation of 42 U.S.C. § 1981

The City argues it cannot be held liable under 42 U.S.C. § 1981 because (1) Plaintiff's complaint does not establish a violation and (2) there is no evidence on the record the City caused an injury under § 1981 through an official policy or custom. Section 1981 prohibits racial discrimination in a contractual relationship. 42 U.S.C. § 1981(a). Plaintiff has failed to allege, much less support with probative evidence, facts concerning his membership in a protected class. Taking the facts in the light most favorable to the Plaintiff, the Court can find no support for relief under § 1981. The Court will grant summary judgment on the § 1981 claims against all defendants.

### C. State Law Tort Claims

The City argues it is immune from liability for Plaintiffs' state law claims. In addition, the City contends Raulston and Topping in their individual capacities are immune from negligence claims. Plaintiff alleges Defendants falsely arrested and imprisoned him.

Since the City is a government entity, the GTLA determines whether it is immune from suit.

7

Tenn. Code Ann. § 29-20-201(a) ("all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of their functions"). Immunity from suit is waived for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment" unless the injury arises out of enumerated exceptions. *Id.* § 29-20-205. A governmental entity retains immunity if the injury arises out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights." *Id.* § 29-20-205(2).

In order to hold a governmental entity liable for damages, the court "must first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury, that the employee or employees acted within the scope of their employment and that none of the exceptions listed in § 29-20-205 are applicable." *Id.* § 29-20-310(a). Where an employee's action is negligent, the employee is immune from liability unless the claim is for medical malpractice. *Id.* § 29-20-310(b).

False arrest and false imprisonment are intentional torts for which the City cannot be held liable. Governmental entities can only be held liable for intentional torts not specifically enumerated in § 29-20-205(2) where a negligent act proximately causes injury to the plaintiff. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 81 (Tenn. 2001); *McNabb v. City of Memphis*, No. 03-2334, 2004 WL 2384958, *4 (W.D. Tenn. March 8, 2004) ("The decision in *Limbaugh* does not allow a governmental entity to be sued directly for the intentional torts of assault and battery; it merely removed governmental immunity for these intentional torts that are caused by a negligent act or

8

omission of the governmental entity."). Since false arrest is specifically enumerated in § 29-20-205(2), governmental immunity is not waived and the City cannot be held liable. However, immunity is retained only for false imprisonment pursuant to a mittimus from a court. The record does not suggest Plaintiff's imprisonment was pursuant to a mittimus from a court. In order for the City to be held liable for false imprisonment, Plaintiff must demonstrate a negligent act or omission by the City. Based on the record, Plaintiff does not show any genuine issue as to the element of whether the City acted negligently. Therefore, summary judgment is appropriate as to the state law claims against the City.

The City also raises the issue of whether Raulston and Topping can be held liable in their individual capacities for claims of negligence. The record does not clearly establish whether Raulston and Topping were acting within the scope of their employment by the City. Since this material fact cannot be resolved based on the record, summary judgment will not be granted as to Raulston and Topping in their individual capacities.

**IV. CONCLUSION**

As discussed above, the Court will **GRANT** summary judgment on the claims against the City (Defendants Raulston and Topping in their official capacities). In addition, the Court will **DISMISS** Plaintiff's 42 U.S.C. § 1981 claims. The Court will **DENY** summary judgment on the claims against the remaining defendants.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

9

10