UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER CONNORS, ) | |
| ) | Case No. 1:08-CV-172 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| CBL & ASSOCIATES MANAGEMENT, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is Plaintiff Christopher Connors's ("Plaintiff") motion for a new trial (Court File No. 83). In this motion, Plaintiff's counsel asserts eleven reasons for a new trial in a bullet point list, but he does not provide any explanation or discussion of how these abstract errors apply to this specific case. Defendants went to great effort to respond to each ambiguous claim of error (Court File No. 83). Plaintiff did not reply. For the following reasons, Plaintiff's motion (Court File No. 83) will be **DENIED**.

**I.     BACKGROUND & PROCEDURAL HISTORY**

This case arises from a trip to Hamilton Place Mall, which is owned and operated by Defendant CBL. CBL uses Defendant ERMC to provide mall security. ERMC employs off-duty Chattanooga police officers, including Defendants Raulston and Topping, who work in their uniforms. On Saturday, June 23, 2007, Plaintiff and his two cousins went to the mall and were stopped by mall security guards for possibly violating the mall's policy prohibiting unaccompanied minors from being in the mall on Friday and Saturday evenings. According to Plaintiff, Raulston threatened to arrest him for "walking away from a [p]oliceman" and roughly grabbed him and

pushed him against a glass window. Raulston then handcuffed Plaintiff for "disorderly conduct," at which point Topping joined them. Plaintiff asserts Raulston and Topping taunted him and told him they would take him downtown to jail. When Plaintiff's cousins' father arrived, the head of security took Plaintiff's picture and told him he could not return to the mall for two months. He was then released.

Plaintiff filed suit against Raulston and Topping in the official and individual capacities as well as the officers' corporate employers. Because Raulston and Topping were sued in their official capacities, the City of Chattanooga was also originally named as a defendant, but was later dismissed on summary judgment (Court File No. 63). The remaining parties proceeded to trial, where the following claims were submitted to a jury: arrest without probable cause under 42 U.S.C. § 1983; use of excessive force under 42 U.S.C. § 1983; state law false imprisonment; negligence; and negligent supervision. The jury found in favor of Defendants on all claims and found Raulston and Topping were protected by qualified immunity.

## III. STANDARD OF REVIEW

Under Rule 59, after a jury trial a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). The Sixth Circuit interprets this Rule to require a new trial only "'when a jury has reached a 'seriously erroneous result' as evidenced by (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.'" *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting *Holmes v. City of Massillon*, 78

2

F.3d 1041, 1045-46 (6th Cir. 1996)). "When ruling on a new trial motion claiming that the verdict was against the weight of the evidence, the district court 'may compare the opposing proofs and weigh the evidence.'" *Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000) (quoting *Toth v. Yoder Co.*, 749 F.2d 1190, 1197 (6th Cir. 1984)). However, "while the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached." *Id*.

### III. DISCUSSION

*A. Weight of the Evidence*

Four of Plaintiff's eleven reasons for a new trial repeat the assertion in some form that the verdict was against the weight of the evidence (Court File No. 83, ¶¶ 1, 2, 10, 11). Because Plaintiff's counsel offers no argument to support the claim that the jury's verdict could not reasonably have been reached, *see Conte*, 215 F.3d at 637, the Court is left only with Defendant's characterization of the evidence presented at trial.

The jury could have reasonably concluded that Plaintiff had been acting in a disorderly manner while on the premises of Hamilton Place Mall, thus allowing the jury to reject his federal claim of arrest without probable cause and his state law claim of false imprisonment. This conclusion is reasonably based on the testimony of Raulston and Topping who asserted Plaintiff was acting disorderly after being asked to leave for violating mall policy. The jury could have also reasonably concluded that no excessive force was used in making this lawful arrest, based on the video tape of the arrest which contradicted Plaintiff's assertions. Finally, based on this same evidence, the jury could have concluded that none of the defendants acted negligently in lawfully

3

arresting Plaintiff.

   *B. Qualified Immunity*

Plaintiff asserts the jury was contradictory in finding qualified immunity (Court File No. 83, ¶ 3). The jury found Raulston and Topping were protected by qualified immunity and also not liable on the substantive claims. This is in no way inconsistent: the jury clearly found Raulston and Topping acted reasonably at all times and acted completely within their authority as police officers.

Plaintiff also argues the court's charge on qualified immunity was over broad and confusing to the jury (Court File No. 83, ¶ 4). The Court provided Plaintiff several opportunities to propose jury instructions and specifically asked Plaintiff whether he had an objection to the charge given to the jury. Plaintiff's counsel declined to offer any suggestions or changes, never offered any criticism of the proposed jury instructions, and did not formally object at any time to the jury charge. Therefore, this claim is waived. *See Woodbridge v. Dahlberg*, 954 F.2d 1231, 1238 (6th Cir. 1992) (requiring formal objection to a jury charge, unless the judge was actually aware of a party's dissatisfaction).

   *C. Composition of the Jury*

Plaintiff argues the jury array was improper because there were no African American jurors in the array for possible selection (Court File No. 83, ¶ 5). Because Plaintiff did not raise this objection during voir dire, the Court was deprived of the opportunity of correcting the error, if indeed any existed. Therefore, this claim is waived. *See United States v. Ovalle*, 136 F.3d 1092 (6th Cir. 1998) ("Failure to raise an objection to [jury selection] prior to trial shall constitute waiver thereof . . . .")

   *D. Reconsideration of Earlier Motions*

Plaintiff argues the Court erroneously granted a motion for summary judgment as to the City of Chattanooga (Court File No. 83, ¶ 6), erroneously granted a motion for directed verdict as to the liability of the corporate defendants under § 1983 (*id.* at ¶ 7), and erroneously sustained two objections raised by Defendants during trial (*id.* at ¶¶ 8-9). Because Plaintiff offers no argument in support of what are essentially requests that this Court reconsider its prior rulings, the Court will stand by its previously announced reasoning and deny Plaintiff's claim of error.

## IV. CONCLUSION

For the above reasons, Plaintiff's motion for a new trial (Court File No. 83) will be **DENIED**.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**