UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER CONNORS ) | |
| ) | |
| Plaintiff, ) | Case No.1:08-cv-172 |
| ) | |
| vs. ) | |
| ) | Collier/Carter |
| CBL & ASSOCIATES MANAGEMENT, INC., ) | |
| OFFICER RANDY RAULSTEN, *individually* ) | |
| *and in his official capacity as an officer of the* ) | |
| *Chattanooga, Tennessee Police Department*, ) | |
| TERRY TOPPING, *individually and in his* ) | |
| *official capacity as an officer of the* ) | |
| *Chattanooga, Tennessee Police Department* ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

CBL & Associates Management, Inc. (CBL), ERMC II, L.P. (ERMC), Officer Randy Raulston, and Officer Terry Topping move for attorney's fees pursuant to 42 U.S.C. § 1988 (Doc. 84). This motion has been referred to the undersigned Magistrate Judge by the District Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons stated herein, it is RECOMMENDED that defendants' motion for attorney's fees be DENIED.

## RELEVANT FACTS

This action arose from an incident at Hamilton Place Mall (the Mall) in Hamilton County, Tennessee on Saturday, June 23, 2007. While nineteen year-old Connors was shopping at the mall with his cousins, two mall security guards, off-duty Chattanooga police officers Raulston and Topping, detained Connors for possibly violating the Mall's policy prohibiting

unaccompanied minors from being in the Mall on Friday and Saturday evenings. Both Raultson and Topping were wearing their police uniforms at the time. According to plaintiff, Raulston and Topping taunted him and treated him roughly.

Plaintiff brought state law claims for negligence and false imprisonment and for violations of 42 U.S.C. §§ 1981 and 1983 against all defendants. Raulston and Topping were sued in their individual and official capacities.

Upon the defendants' motion, the District Court dismissed plaintiff's Section 1981 claim against all defendants for failure to allege plaintiff's membership in a protected class. The District Court also granted summary judgment to (1) Raulston and Topping in their official capacities only on plaintiff's claims brought under 42 U.S.C. § 1983, and (2) to the City of Chattanooga on plaintiff's state law claims of false arrest and imprisonment on the basis of governmental immunity. The following claims went to trial with a jury: Plaintiff's claims of illegal arrest and excessive force brought under 42 U.S.C. § 1983 against Raulston and Topping in their individual capacities, and plaintiff's state law claims of negligence and false imprisonment against Raulston, Topping, CBL, and ERMC. The defendants prevailed on all claims, and judgment was entered in their favor.

Discussion

Under what is known as the American Rule, a prevailing party in the United States may not ordinarily recover attorney's fees in the absence of a statute or enforceable contract providing for a fee award. *Shimman v. Int'l Union of Operating Engineers, Local 18,* 744 F. 2d 1226, 1229 (6th Cir. 1984). An exception arises where Congress provides a statutory right to attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 2 (1983) (discussing statutory exceptions to the

2

American Rule).

Defendants seek attorney's fees under 42 U.S.C. § 1988(b). Section 1988(b) does not authorize attorney's fees to the prevailing party in state law claims. *See* 42 U.S.C. § 1988(b).[1] It does provide for attorney's fees, in certain circumstances, to the prevailing party in claims brought under 42 U.S.C. §§1981 and 1983. *Hensley*, 461 U.S. at 433 n. 2; *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 793 (6th Cir. 1988).

The test for awarding attorney's fees to a defendant as a prevailing party under 42 U.S.C. § 1988(b) is whether the plaintiff's action was frivolous, unreasonable, or lacking foundation, even though it was not brought in subjective bad faith. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)); *Lowery v. Jefferson County Bd of Education. of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009); *Tarter v. Raybuck*, 742 F.2d 977, 985 (6th Cir. 1984). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for the assessment of fees." *Hughes,* 449 U.S. at 14. The Supreme Court in *Christiansburg Garmet Co.*, 434 U.S. at 421-422, cautioned against awarding fees too freely to prevailing defendants in civil rights cases:

---

[1] 42 U.S.C. § 1988(b) states in relevant part:

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predicable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*See also, Tarter,* 742 F.2d at 986 (quoting *Christianburg* in the context of a suit brought under 42 U.S.C. §§ 1983 and 1988); *Jones v. Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986) ("An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct"); *accord*, *Lowery*, 586 F.3d at 437.

The issue before the undersigned is whether Raulston, Topping, CBL, and ERMC are entitled to attorney's fees as the prevailing party in plaintiff's claims brought against them under Sections 1981 and 1983. Plaintiff's claim brought under Section 1981 failed to allege one of the most basic of elements of that cause of action: that plaintiff was a member of a protected class. Thus this claim was lacking in foundation. On the other hand, plaintiff's claims of illegal arrest and excessive force brought against Raulston and Topping cleared the defendants' summary judgment hurdle and made it to trial. As previously discussed, the fact that a jury chose to believe the defendants as opposed to the plaintiff is not a basis upon which to award a defendant attorney's fees.

The undersigned is left with the question of whether to award fees to defendants as the prevailing parties on plaintiff's Section 1981 claim only. A party seeking attorney's fees under a

4

federal fee shifting statute bears the burden to show he or she is entitled to the amount requested. *See Hensley*, 461 U.S. at 433; *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). The fees requested should be documented, and, where they are not, the district court may reduce the award accordingly. *Id.* The award of attorney's fees is left to the district court's exercise of discretion. *See Hensley*, 461 U.S. at 437; *Lowery,* 586 F.3d at 437; *Reed*, 179 F.3d at 469 n.2.

Counsel for defendants has submitted an affidavit stating that defendants have incurred legal fees in excess of $50,000.00 in defense of this action. No attempt is made to parse out those fees incurred *solely* for work on plaintiff's Section 1981 claim. Indeed, the undersigned believes such an attempt would be very difficult because plaintiff's Section 1981 claims shared a common core of facts with plaintiff's state law claims and Section 1983 claims which survived summary judgment and went to trial. Further, this action does not constitute a "truly egregious case[ ] of misconduct" on the part of a plaintiff to merit the "extreme sanction" of an award of attorney's fees against the plaintiff. Accordingly, it is RECOMMENDED that defendants' motion for attorney's fees pursuant to Section 1988(b) be DENIED.[2]

Dated: April 14, 2010      *s/William B. Mitchell Carter*
                            UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).